880 A.2d 550 (2005)
COMMONWEALTH of Pennsylvania, Appellee,
v.
Vinson WASHINGTON, Appellant.
Supreme Court of Pennsylvania.
Submitted January 7, 2003.
Decided August 15, 2005.
Christina Allison Swarns, Esq., Philadelphia, for Vinson Washington.
Hugh J. Burns, Esq., Amy Zapp, Esq., Philadelphia, for Commonwealth of Pennsylvania.
BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

OPINION
Chief Justice CAPPY.
This is an appeal in a capital case from the order of the Court of Common Pleas of Philadelphia County denying Appellant, Vinson Washington's, petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 et. seq. (hereinafter the "PCRA"). This case was consolidated with Appellant's PCRA appeal at No. 352 Capital Appeal Docket. The underlying criminal convictions in the two cases are unrelated; however, Appellant was represented by the same trial counsel in both cases, and the PCRA matters were heard by the same trial judge in a consolidated fashion as the two cases hinge on the same *551 predicate issue. As we did in the companion case, we remand this matter for an evidentiary hearing before the PCRA court.
Our remand here is generated by the same concerns that underlie our opinion order in Commonwealth v. Washington, ___ Pa. ___, 880 A.2d 536, 2005 WL 1941193 (2005); 352 Capital Appeal Docket; the claim of error that trial counsel violated his duty of loyalty to his client by laboring under a conflict of interest that caused him to sabotage his defense of Appellant, thus, violating Appellant's right to the effective assistance of counsel. As noted in the opinion accompanying the companion case, if counsel abrogates his obligation to his client because of personal animosity so that the accused is deprived of his right to a fair trial, such action will support a claim for a violation of the Sixth Amendment. Such a claim however, must be established within the confines of the recognized test for ineffectiveness. Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987).[1]
Appellant supports his assertion that trial counsel "hated" him and, acting on those feelings, sabotaged his trial so as to secure a conviction and subsequent death sentence, by stringing together his individually argued allegations of errors allegedly committed by counsel during the course of the trial, and more pointedly, during the penalty phase of the proceedings. Because this one issue forms the backdrop to all of the ineffectiveness issues raised currently, it is important to resolve this predicate question before evaluating the merits of the remaining issues. Without exploration and a complete evidentiary record focusing on this question, full and fair appellate review of this appeal is handicapped severely.
Accordingly, this case is remanded to the PCRA court for an evidentiary hearing on the claim that trial counsel breached his duty of loyalty to Appellant because of personal feelings of hostility that counsel harbored and that the breach caused trial counsel to render ineffective assistance depriving Appellant of a fair trial. The PCRA court shall hold the hearing and issue an opinion on this question within 120 days of receiving this court's directive. The Prothonotary of the Supreme Court will then establish a briefing schedule, and the parties are directed to file supplemental briefs after they receive the PCRA court's opinion. In order to facilitate our disposition of this matter after completion of the evidentiary hearing, we further direct Appellant to supplement his current brief by including argument on each issue, as necessary, to bring his appeal in compliance with the dictates of Commonwealth v. McGill, 574 Pa. 574, 832 A.2d 1014 (2003). Appellee shall have the opportunity to file a supplemental reply brief.
Jurisdiction is retained.
Justice SAYLOR files a concurring opinion.
Justice CASTILLE files a dissenting opinion in which Justice EAKIN joins.
Justice SAYLOR, concurring.
I support the majority's decision to remand, but have concerns relative to the scope of the remand similar to those which I have expressed in the companion case. See Commonwealth v. Washington, ___ Pa. ___, ___, 880 A.2d 536, 546, 2005 WL 1941193 (2005).
*552 Justice CASTILLE, dissenting.
For the reasons set forth in my Concurring and Dissenting Opinion in Commonwealth v. Washington, ___ Pa. ___, 880 A.2d 536 (2005); 352 Capital Appeal Docket, I respectfully dissent from the Court's mandate to remand this matter to the PCRA court for an evidentiary hearing.
Justice EAKIN joins this dissenting opinion.
NOTES
[1] The Pierce test requires a demonstration that (1) the underlying claim of error is of arguable merit; (2) counsel had no reasonable basis for the action or omission in question; and (3) counsel's action or omission caused prejudice to his client such that the outcome of the proceedings would have been different.